IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY KLAYMAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MATTHEW KAISER, JULIA PORTER, HAMILTON P. FOX, III, LAWRENCE K. BLOOM,<br><br>　　　　　Defendants. | Case No. 20-cv-03109-RBW<br>(Case No. 21-cv-3579 and Case No. 21-cv-965 consolidated with Case No. 20-cv-03109-RBW) |

**SUBMISSION IN RESPONSE TO QUESTIONS RAISED BY THE COURT DURING TELEPHONIC HEARING OF JUNE 29, 2022**

During the telephonic hearing in this case on June 29, 2022, the Court posed several factual questions during its colloquy with the parties. The questions included: (1) the specific current disciplinary status of Plaintiff Larry Klayman in the District of Columbia, (2) the existence of pending disciplinary proceedings against Plaintiff Klayman before or under the jurisdiction of the District of Columbia Court of Appeals which would implicate the *Younger* abstention doctrine in matters before this Court, and (3) the existence of rules or procedures relating to the giving of notice by the Office of Disciplinary Counsel of the existence of disciplinary proceedings or sanctions in the District of Columbia, to other jurisdictions in which the subject of such proceedings or sanctions may also be admitted to practice law.

I.　**Mr. Klayman's Disciplinary Status**

On June 11, 2020, the D.C. Court of Appeals ("DCCA") suspended Plaintiff for 90 days and ordered that Plaintiff complete a continuing legal education course on conflicts of interest. Order, *In re Larry Klayman*, No. 18-BG-0100 (D.C. June 11, 2020); *In re Klayman*, No. DDN

2017-D051 (Mar. 8, 2017). This suspension was based on Plaintiff's "representation of three clients in violation of Rule 1.9 (conflicts-of-interest) of the District of Columbia Rules of Professional Conduct (or its Florida equivalent)." Order 1, *In re Larry Klayman*, No. 18-BG-0100.

On October 2, 2020, the Board on Professional Responsibility (the "Board") recommended that the Court suspend Plaintiff for 18 months with a fitness requirement. Report & Rec. of Bd. on Pro. Resp., Bd. Dkt. No. 17-B-063, Disciplinary Bd. No. 2011-D028 (Oct. 2, 2020); Compl. ¶¶ 30, 33, *Klayman v. Porter*, No. 50-2022-CA-002797-XXXX-MB (Fla. Cir. Ct. Mar. 25, 2022). On October 19, 2020, the DCCA issued a show cause order why Plaintiff should not be suspended while it considered the Board's recommendation. Order, *In re Larry Klayman*, No. 20-BG-583 (D.C. Jan. 7, 2021). On January 7, 2021, the DCCA suspended Plaintiff on an interim basis pending final disposition of the proceeding and ordered that he comply with D.C. Bar Rule XI, § 14's affidavit requirements. *Id.*; Compl. ¶ 30, *Klayman v. Porter*, No. 50-2022-CA-002797-XXXX-MB. Plaintiff has yet to comply with the Court's suspension order and D.C. Bar Rule XI, § 14 by filing the required affidavits. Notice, *In re Larry Klayman*, No. 20-BG-583 (D.C. Feb. 25, 2021). Oral argument occurred on June 16, 2022 and on June 23, 2022, Plaintiff filed a Motion for Leave to File Post-Hearing Brief and Second Supplement to Motion for Sanctions. The case remains pending and Plaintiff remains suspended from the District of Columbia Bar. Compl. ¶ 45, *Klayman v. Porter*, No. 50-2022-CA-002797-XXXX-MB.

II.     *Younger* **Abstention**[1]**: Pending Disciplinary Claims Against Mr. Klayman**

There are currently at least four professional disciplinary proceedings pending against the Plaintiff in the District of Columbia.[2] The existence and details of these disciplinary actions were disclosed by Plaintiff in each of the three complaints he filed against Defendants Fox, Porter, and Kaiser in the Circuit Court for the 15th Judicial Circuit in and for Palm Beach County, Florida. The details and status of those disciplinary actions are provided here in the Plaintiff's own words as filed with that court. Compl. ¶ 27, *Klayman v. Porter*, No. 50-2022-CA-002797-XXXX-MB.[3]

---

[1] "Federal-court abstention from interference with pending state proceedings (including D.C. proceedings) is appropriate 'so long as there is no showing of bad faith, harassment, or some other extraordinary circumstance' on the part of the state 'that would make abstention inappropriate.'" *Klayman v. Lim*, 830 F. App'x 660, 662 (D.C. Cir. 2020) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982)).

[2] Plaintiff's complaint states that there are "four (5)" investigations. Compl. ¶ 27, Klayman v. Porter, No. 50-2022-CA-002797-XXXX-MB.

[3] On December 6, 2021, Plaintiff filed an action in the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida against Defendants. *See Klayman v. Porter*, No. 50-2021-CA013239XXXXMB (Fla. Cir. Ct. Dec. 6, 2021). Defendants removed the case to the Southern District of Florida, based on federal question jurisdiction (Plaintiff alleged that Defendants violated 42 U.S.C. § 1983) and diversity jurisdiction. Plaintiff thereafter voluntarily dismissed this case.
    On January 6, 2022, Plaintiff filed his second action in the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, against Defendants, removing his cause of action under 42 U.S.C. § 1983 and replacing it with a cause of action for a violation of the Florida Constitution Section IX. *Klayman v. Porter*, No. 50-2022-CA-000122-XXXX-MB (Fla. Cir. Ct. Jan. 6, 2022). Defendants removed that case to this Court, based on diversity jurisdiction and moved to transfer the action to the U.S. District Court for the District of Columbia. *Klayman v. Porter*, No. 9:22-cv-80270-AHS (S.D. Fla. Feb. 17. 2022). Plaintiff's request for remand and subsequent appeal to the U.S. Court of Appeals for the Eleventh Circuit were denied. *Klayman v. Porter*, No. 22-10981-AA (11th Cir. Mar. 29, 2022). The case was transferred to the U.S. District Court for the District of Columbia, where it is currently pending. *Klayman v. Porter*, No. 1:22-cv-00953-RBW (D.D.C. Feb. 17, 2022).
    On March 25, 2022, Plaintiff filed his third action in the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, against Defendants. The only substantive difference in the present action is that Plaintiff dropped his tortious interference and abuse of process causes of action and only requests injunctive relief. *Klayman v. Porter*, Case No. 50-2022-CA-002797-XXXX-MB. This case is currently pending in the U.S. District Court for the Southern District of Florida. *Klayman v. Porter*, 9:22-cv-80642-AHS (S.D. Fla. Apr. 25, 2022).

### A. Complaint Arising Out of Klayman's *pro hac vice* Motion[4]

This investigation is currently pending before a hearing committee of the Board. *Id.* ¶ 35. The matter stems from Plaintiff's representation of Cliven Bundy and his "efforts to obtain *pro hac vice* entry" and subsequent litigation tactics. *Id.*

### B. The "Santilli [C]omplaint"[5]

This case is currently pending before the Office of Disciplinary Counsel ("ODC"). Compl. ¶ 41, *Klayman v. Porter*, No. 50-2022-CA-002797-XXXX-MB. The matter is based on a complaint filed by Peter Santilli, who was a co-defendant of Cliven Bundy. *Id.* Mr. Santilli states that Plaintiff acted as co-counsel for several defendants and "forwarded [] Santilli's confidential and privileged legal strategy and discovery material to then Attorney General Jeff Sessions." *See, e.g.*, Compl. ¶¶ 21–25, *Klayman v. Santilli*, No. 2019 CA 000896 B (D.C. Super. Ct. Feb. 9, 2019) (detailing Mr. Santilli's allegedly "fals[e]" statements to ODC). Plaintiff's response to Mr. Santilli's complaint to the ODC was to retaliate with a lawsuit filed in D.C. Superior Court, which was subsequently dismissed

### C. The "Montgomery Complaint"[6]

This case is currently pending before the ODC and is based on a complaint filed by one of Plaintiff's former clients, Dennis Montgomery. Compl. ¶¶ 39–40, *Klayman v. Porter*, No. 50-2022-CA-002797-XXXX-MB. Mr. Montgomery made a number of allegations, including that Plaintiff would not provide Mr. Montgomery with his client file. Compl. Ex. 2, *Klayman v. Porter*, No. 2020 CA 000756 B (D.C. Super. Ct. Jan. 31, 2020). On October 1, 2020, the D.C. Superior

---

[4] Compl. ¶ 35, *Klayman v. Porter*, No. 50-2022-CA-002797-XXXX-MB.

[5] *Id.* ¶ 41.

[6] *Id.* ¶ 37.

Court dismissed Plaintiff's case against Ms. Porter and the ODC. Mr. Klayman's subsequent appeal of the D.C. Superior Court's decision was dismissed.

### D. The Blackburne-Rigsby Case[7]

This "ongoing 'investigation'" began in 2021 after Plaintiff filed a civil suit against judges of the U.S. District Court for the District of Columbia and the D.C. Court of Appeals who had ruled against him—resulting in a case that Mr. Klayman characterizes as "a highly flawed" verdict. Compl. ¶¶ 43–44, 47, *Klayman v. Porter*, No. 50-2022-CA-002797-XXXX-MB (citing *Klayman v. Rao*, No. 1:21-cv-2473-CRC (D.D.C. Sept. 21, 2021) and *Klayman v. Blackburne-Rigsby*, No. 1:21-cv-409-ABJ (D.D.C. Feb. 17, 2022)); *id.* ¶ 44 (claiming the "verdict was reached as a result of highly prejudicial and manifest errors by both the trial court as well as the appellate court that they refused to even consider, much less correct"); *see also id.* ¶¶ 45, 48.

### III. Written Disclosure of Disciplinary Actions to Other Jurisdictions

During the telephonic hearing of June 29, 2022, the Court inquired about what rules, if any, govern giving notice of disciplinary proceedings by the Office of Disciplinary Counsel to other jurisdictions in which Plaintiff was admitted.

The D.C. Bar Rules, explicitly permit disciplinary counsel to inform "any court" of "informal admonitions." D.C. Bar R. XI, § 17(c) ("Disciplinary Counsel may disclose information pertaining to proceedings resulting in informal admonitions to any court, to any other judicial tribunal or disciplinary agency . . . ."). As the Rules authorize disciplinary counsel to disclose informal admonitions, the ODC was clearly permitted to disclose to other courts the fact of Plaintiff's suspension—a more serious sanction.

---

[7] *Id.* ¶ 43.

Moreover, this type of notice is clearly contemplated by the ABA's Model Rules for Lawyer Disciplinary Enforcement as well as the rules of various jurisdictions. *See* ABA Model Rule for Lawyer Disciplinary Enforcement, Rule 22 Commentary ("ABA Rule 22 Commentary"), https://www.americanbar.org/groups/professional_responsibility/resources/lawyer_ethics_regulat ion /model_rules_for_lawyer_disciplinary_enforce ment/rule_22/ (last visited June 30, 2022) (stating that "[i]f a lawyer suspended or disbarred in one jurisdiction is also admitted in another jurisdiction . . . [d]isciplinary counsel in the forum jurisdiction should be notified by disciplinary counsel of the jurisdiction where the original discipline or disability inactive status was imposed"); D.C. Bar R. XI, § 11(b) ("It shall be the duty of Disciplinary Counsel to obtain copies of all orders of discipline from other disciplining courts.").

Providing notice to other jurisdictions of disciplinary actions is a routine step regularly taken by the Office of Disciplinary Counsel and the kind of action "plainly within the general matters . . . committed to [Defendants'] discretion" under D.C. law. In giving such notice, Defendants enjoy absolute immunity. As the D.C. Circuit put it, absolute immunity "provides Disciplinary Counsel attorneys prosecuting misconduct charges with '*complete protection* from suit.'" *Lim*, 830 F. App'x at 662 (citation omitted and emphasis added). Indeed, for any judicial system to function, disciplinary counsel must be able to carry out their duties without fear of personal tort liability. *See*, *e.g.*, slip op., *Klayman v. Porter*, No. 2020 CA 000756 B 9–10 (D.C. Super. Ct. Oct. 1, 2020) (holding Ms. Porter was "executing [her] duties" when she notified the Bar of the Northern District of Texas of Plaintiff's suspension and thus was afforded immunity by D.C. Bar. R. XI, § 19(a)); *Nwachukwu v. Rooney*, 362 F. Supp. 2d 183, 192 (D.D.C. 2005) (citing D.C. Bar R. XI, § 19(a)) ("Because the defendants are entitled to absolute immunity, the plaintiff

is precluded from bringing an action based on the defendants' resolution of the plaintiff's complaint.").

The Rules don't require such a disclosure, and it is counsels' understanding that it is not typically provided.

Dated: July 1, 2022

Respectfully submitted,

*/s/ Mark J. MacDougall*
Mark J. MacDougall (D.C. Bar No. 398118)
Thomas P. McLish (D.C. Bar No. 450993)
Caroline L. Wolverton (D.C. Bar No. 496433)
Samantha J. Block (D.C. Bar No. 1617240)
AKIN GUMP STRAUSS HAUER & FELD
2001 K Street, NW
Washington, D.C. 20006-1037
Tel: (202) 887-4000
Fax: (202) 887-4288
mmacdougall@akingump.com
tmclish@akingump.com
cwolverton@akingump.com
samantha.block@akingump.com

*Counsel for Defendants Julia Porter and Hamilton Fox, III*